**SO ORDERED.**

**SIGNED this 21 day of June, 2010.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**Opinion designated for on-line use and print publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

**In re:**

**CHEZ DENISE HARRISON,**

**DEBTOR**

**CASE NO. 09-10280**
**CHAPTER 7**

**MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S MOTION FOR TURNOVER OF CERTIFICATE OF DEPOSIT**

Following trial on December 7, 2009, the Court took under advisement the Chapter 7 Trustee's motion for turnover of a certificate of deposit titled in Debtor's name. The Trustee, Carl B. Davis, appeared by Carl B. Davis, of Davis & Jack, L.L.C. Debtor, Chez Harrison, appeared by Michael J. Studtmann, of Michael J. Studtmann, P.A. There were no other appearances. The Court has jurisdiction.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion

**FINDINGS OF FACT.**

Debtor filed her Chapter 7 petition on February 9, 2009. Carl B. Davis was appointed Chapter 7 Trustee. On the date of filing, Debtor was the owner of a Certificate of Deposit at Capitol Federal Savings (hereafter "CD"), with a balance of $17,018.87. The CD was described on Schedule B "as Certificate of Deposit Held As A Resulting Trust for Grandparents" with a current value of the Debtor's interest of $0.00.

On April 10, 2009, the Trustee filed a motion for turnover of the CD as property of the estate.[2] Debtor objected, asserting that the CD is a resulting trust and should not be considered property of the estate. Debtor and her grandparents, Emanuel Henley and Alyce S. Henley, testified at the December 7, 2009 trial. Their testimony, which the Court found credible, and the Trustee's exhibits, which were admitted by stipulation, establish the following facts.

Debtor, who is the Henleys' oldest grandchild, throughout her life has been close to her grandparents, who are now in their 80's. The Henleys place great trust and confidence in Debtor. In June of 2006, the Henleys through written articles and television news became aware that there are people who operate scams against older people to obtain possession of assets placed in bank accounts. To protect themselves, the Henleys talked to Debtor about a plan to transfer

---

for turnover is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(E). There is no objection to venue or jurisdiction over the parties.

[2] The Motion for Turnover also requested turnover of funds in three accounts in addition to the CD. In her objection to the motion, debtor responded that she had paid over to the Trustee the funds in one of the accounts. Since the Pretrial Order (Doc. 39) addresses only turnover of the CD and funds in an account at Fidelity Bank, account number ending in 1272, the Court assumes the allegations concerning the additional account were settled. Trial was held on the turnover of the CD and the Fidelity Bank account. Following trial, the Court granted the motion as to this account, and an Order Granting Trustee's Motion for Turnover was filed on January 7, 2010. (Doc. 43).

2

$15,000 of their savings, a significant portion of their assets, to Debtor to hold for their benefit. The purpose was to place the funds beyond the reach of such scam artists, while having the funds available if needed for medical expenses or other personal needs. Debtor agreed to hold the funds for her grandparents.

On March 10, 2006, $15,000 was transferred from the Henley's savings account at Capitol Federal to a CD in Debtor's name at Capitol Federal. The Henleys have possession of the CD paperwork. There has been no invasion of the principle, and all interest has been credited to the account, rather than being distributed. Debtor has not used the CD for her own benefit.

Debtor never believed that the CD was a gift to her and understood that the intent of her grandparents was to reduce the risk of a scam. Emanuel Henley completely trusts Debtor to hold the funds and to turn the CD over to him if he requests. Once the funds were placed in the CD owned by Debtor, the Henleys believed they were safe from the scams that are inflicted on older persons. Emanuel Henley had no doubt that the funds were safe, since a scam could not take the funds from his granddaughter. Alyce Henley testified that CD provides a source of funds if her grandchildren decided something needs to be done for her or her husband. The Henleys convincingly testified that they did not intend to make a gift to Debtor and that they did not transfer the funds to make themselves eligible for any form of government assistance. The Henleys have a will, and the CD is not part of their estate planning. If there are funds in the CD account at their death, Alyce Henley assumes that the CD would be used to pay any outstanding debts.

The Trustee offered no witnesses or testimony controverting the foregoing. Through cross examination, he attempted to create doubt as to the veracity of the Henleys' testimony, but the Court finds the testimony of the Henleys and Debtor was consistent and very credible. The only valid point made by the Trustee relating to credibility was the Henleys' failure to provide documents in response to Trustee's request for documents for "Any Loan applications in the last 5 years." In response to the request, the Henleys responded "No applications/Line of Credit." The Trustee's exhibits established that Emanuel Henley completed a Credit Application in conjunction with a December 4, 2008 Home Equity Line of Credit for funds to improve a rental property, which property secured the loan. It is clear from Emanuel Henley's testimony that he believed his answer was truthful and the he did not regard the line of credit to be a loan and did not believe he had made a loan application. Contrary to the Trustee's argument, this inaccurate response to the request does not cause the Court to question the testimony regarding the Henleys' intent when the CD was purchased.

**POSITIONS OF THE PARTIES.**

The Trustee contends that the CD is property of the estate under 11 U.S.C. § 541 and subject to turnover under 11 U.S.C. § 542. Debtor responds that she holds only bare legal title such that the estate has no interest in the CD. Debtor relies upon the doctrine of resulting trust, applicable when consideration for property is paid by one person and legal title taken in the name of another. The Trustee argues that Debtor has not rebutted the legal presumption that the CD was a gift by the Henleys to Debtor who is a natural recipient of the Henleys' bounty.

**ANALYSIS AND CONCLUSIONS OF LAW.**

Under 11 U.S.C. § 541(a), the property of the Chapter 7 estate includes all legal and equitable interests of the Debtor in property as of the date of filing. However, pursuant to 11 U.S.C. § 541(d), property in which the debtor holds only legal title and no equitable interest, becomes property of the estate only to the extent of the debtor's legal title and not to the extent of any equitable interest that the debtor does not hold. Pursuant to 11 U.S.C. § 542, on which the Trustee relies, only property of the estate is subject to turnover to the Trustee. Therefore, if the Debtor had no equitable interest in the CD on the date of filing because it was impressed with a resulting trust in favor of her grandparents, the Trustee's motion for turnover must be denied.

In Kansas, for over 100 years the common law doctrine of resulting trust has been abolished by the Kansas legislature.[3] K.S.A. 58-2405 abolishes the doctrine by providing:

> When a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections.

K.S.A. 58-2408, however, provides an exception by stating that K.S.A. 58-2405 "shall not extend to cases" where

> . . . it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase money or some part thereof.

Hence the presence of a resulting trust depends upon an agreement to hold property for the person paying the consideration and lack of fraudulent intent. Kansas has at least since 1912

---

[3] *University State Bank v. Blevins*, 227 Kan. 40, 42, 605 P.2d 91, 93 (1980).

also "recognized the presumption of a gift, where the consideration is furnished by a husband and title is taken in the name of the wife, . . .."[4] As to this presumption, the Kansas Supreme Court has followed the Restatement (Second) of Trusts.[5] Section § 442 of the restatement recognizes a reputable presumption of a gift when the consideration is paid by another and the transferee is a natural object of the bounty of the transferor.[6] The restatement provides:

> Where a transfer of property is made to one person and the purchase price is paid by another and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property.[7]

The next section of the restatement provides the presumption of a gift is reputable. It states as follows:

> Where a transfer of property is made to one person and the purchase price is paid by another, and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, and the latter manifests an intention that the transferee should not have the beneficial interest in the property, a resulting trust arises.[8]

Although this case concerns the transfer of personal rather than real property, which is the subject of the Kansas statutes, the Trustee does not challenge the Debtor's reliance on the doctrine of resulting trust. This position appears correct, as the comments to the Restatement

---

[4] *Id.*, 227 Kan. at 43, 605 P.2d at 94.

[5] *Id.*, 227 Kan. at 43-44, 605 P.2d at 94.

[6] Restatement (Second) of Trusts § 442 (1959).

[7] *Id.*

[8] *Id.*, § 443.

6

(Second) of Trusts § 440, which states the general rule as to resulting trusts, states, "The rule stated in this Section is applicable to transfers of personal property as well as to transfers of real property."[9]

The Trustee also does not question the sufficiency of the evidence that a resulting trust arose. The testimony and exhibits in this case clearly establish that the Henleys provided the consideration for purchase of the CD which was placed in Debtor's name pursuant to an agreement and without fraudulent intent.

The Trustee's contention that the CD is property of the estate because a resulting trust should not be found is based upon Debtor's alleged failure to rebut the presumption of a gift from the Henleys to Debtor. The Court agrees that the presumption arises in this case. Comment a to the Restatement (Second) of Trusts § 442, which addresses the presumption, states the rule is applicable to the relationship of grandparent and grandchild.[10] The Court finds that application of the presumption is this case is appropriate given the testimony of the closeness of the relationship between Debtor and the Henleys. Clearly Debtor is a natural object of the bounty of the Henleys.

The Trustee submits that the presumption of a gift has not been appropriately rebutted under the clear and convincing evidence standard, which he contends is applicable. Trustee's authority as to the standard of proof is a legal encyclopedia which states, "[T]he proof to overcome such presumption and to raise a resulting trust in the payor, must be of an

---

[9] *Id.*, § 440, cmt. b.

[10] *Id.*, § 442, cmt. a.

7

extraordinary degree, that is, clear, positive, and unequivocal."[11]  However, the Kansas Supreme Court expressly rejected this standard with respect to proof of an agreement necessary to establish a resulting trust.[12]  It has applied the "the usual burden in civil case" to the evidence of an agreement that the property be held in trust and to evidence of intent contrary to the presumption of a gift.[13]  In addition, the restatement supports adoption of the usual civil burden for the standard applicable to rebutting the presumption of a gift.  The Restatement (Second) of Trusts states that the clear and convincing standard applies to the evidence regarding the payment of the purchase price, but does not expressly apply this standard to the rebutting of the presumption.[14]  The resulting trust section of the Restatement (Third) of Trusts, which is in major respects simply a reworking of the rules stated in the earlier version of the restatement, in comment f provides that the "party alleging the purchase-money resulting trust has the burden of proving by clear and convincing evidence that the claimant . . . paid or furnished the purchase price . . . " and when the presumption of a gift arises "one who has proved a claim of having provided the purchase price has the further burden of rebutting the inference of gift by a preponderance of the evidence, weighed in light of the circumstances of the parties and the nature of the particular natural-object relationship."[15]  The Court therefore finds that the burden

---

[11] 76 Am. Jur.2d *Trusts* § 648 (updated 2010).

[12] *University State Bank v. Blevins*, 227 Kan. at 43-44, 605 P.2d at 94.  The preponderance of the evidence standard announced in *Blevins* was followed as the basis to reverse the bankruptcy court in *First Nat'l Bank of Herington v. Hanschu (In re Hanschu)*, 119 B.R. 805 (D. Kan. 1990).

[13] *Id.*

[14] Restatement (Second) of Trusts §458 (1959).

[15] Restatement (Third) of Trusts § 9, cmt. f(1) (2003).

8

of proof to rebut the presumption of a gift is the usual civil standards of a preponderance of the evidence.

In this case, Debtor satisfied the burden of proof that the Henleys when providing the consideration for the CD and titling it in Debtor's name did not intend to make a gift. Both Emanuel and Alyce Henley expressly denied they intended a gift or that the transfer to Debtor was an aspect of their estate plan. The Henleys' intent to place their savings beyond the reach of those who prey upon the elderly, while retaining the ability to have the funds returned to them or used for their benefit, was uncontroverted. Debtor's testimony that she had no right to use the CD for her own benefit and the terms of her agreement with her grandparents was clear and unequivocal. The evidence rebutting the presumption of a gift more than satisfies the preponderance of the evidence standard. If the standard were clear and convincing evidence, the Court would also rule against the Trustee.

The Court therefore holds that on the date of filing the CD was held by Debtor in a resulting trust for the benefit of her grandparents, Emanuel and Alyce Henley. The Henleys provided the funds to purchase the CD, and it was titled in Debtor's name pursuant to an agreement that it would be held exclusively for their benefit. There was no fraudulent intent. The presumption that the Henleys intended a gift to the Debtor because their relationship to her was rebutted.

**CONCLUSION.**

For the foregoing reasons, the Court denies the Trustee's motion for turnover of the CD. The Debtor holds the CD in a resulting trust for the benefit of her grandparents. Debtor holds only bare legal title and the estate has no equitable interest in CD.

9

Case 09-10280    Doc# 47    Filed 06/21/10    Page 9 of 10

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**IT IS SO ORDERED.**

###

10

Case 09-10280    Doc# 47    Filed 06/21/10    Page 10 of 10